# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Christopher Thomas | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 21-cv-4294 |
| | ) | |
| v. | ) | COMPLAINT FOR VIOLATION OF |
| | ) | CIVIL RIGHTS |
| Chicago Police Officers Pedro Venegas, | ) | |
| Star No. 9624, Juan Pintor, Star No. 6255, | ) | |
| and Daniel Sullivan, Star No. 855, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Christopher Thomas was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant Pedro Venegas, Star No. 9624 (hereinafter "Venegas") was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, Defendant Juan Pintor, Star No. 6255 (hereinafter "Pintor") was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, Defendant Daniel Sullivan, Star No. 855 (hereinafter "Sullivan") was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

## FACTUAL ALLEGATIONS

7. On or about August 9, 2020, Plaintiff was lawfully located in a public place, at or near 5600 S. Aberdeen, City of Chicago, County of Cook, State of Illinois.

8. At that place and time and place Venegas, Pintor, and Sullivan seized Plaintiff's person.

9. While seizing Plaintiff Venegas, Pintor, and Sullivan used excessive force against Plaintiff causing physical injuries to Plaintiff's person.

10. Venegas, Pintor, and Sullivan did not have legal cause to use any force against Plaintiff.

11. By reason of the above-described acts of Venegas, Pintor, and Sullivan, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

12. The aforementioned acts of Venegas, Pintor, and Sullivan were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

13. By reason of the above-described acts and omissions of Venegas, Pintor, and Sullivan, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendant, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff against Venegas, Pintor, and Sullivan For
### EXCESSIVE FORCE

14. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirteen (13) hereat as though fully set forth at this place.

15. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

16. The arbitrary use of force by Venegas, Pintor, and Sullivan against Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

3

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment against the Defendants as follows:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com